### SEELY vs. HILLS, imp.

PLEADING: *Complaint on penal bond.*

The condition of a penal bond running to a person named as the trustee for certain stockholders in a bank was, that the obligors would pay the obligee, in nine months from its date, two-thirds, and in eighteen months the remaining one-third, of the then existing liabilities of said bank over and above its available assets and collections, as the same should appear by the accounts to be kept by the bank with L. B. H., one of the obligors, in the manner described in said bond. In an action to foreclose a mortgage given to secure said bond, the complaint merely charges, generally, that the obligors have failed to comply with the terms of the bond, by omitting to pay any part of the same, or perform any of the agreements therein contained; that the trustee and said stockholders have been put to great trouble and expense of suits, and obliged to pay large sums of money to discharge the indebtedness of the bank, and have suffered great loss and damage by reason of the failure of said obligors to pay the indebtedness of said bank according to the conditions of the bond; and that the full sum named as penalty in the bond is now due thereon, and no part thereof has been paid or satisfied by either of the defendants. *Held*, that the complaint is insufficient, because it fails to state whether the trust has or has not been fully executed, or what was the amount of indebtedness of the bank chargeable to L. B. H., or of the credits to which he is entitled, or to give any data by which it can be ascertained what amount, or whether anything, is actually due on the bond.

APPEAL from the Circuit Court for *Fond du Lac* County.

It is alleged in the complaint that in September, 1857, the defendant Seth E. Hills was president, and the defendant *Leander B. Hills* was cashier, of the Waupun Bank, and that they and the defendant Leander Hills owned the entire capital stock of the bank; that the bank became insolvent at that time, and unable to pay its liabilities with promptness or in full, and was compelled to suspend payment; that, to enable it to resume business and to meet its liabilities, sundry persons subscribed over $9,000 to its cash capital; and that, in consideration thereof, and for the benefit of such new stockholders,

the defendants Seth E. and *Leander B. Hills* made and executed to John N. Ackerman, the president of the bank under its new organization, as trustee, the following bond:

"Know all men by these presents, that we, *Leander B. Hills* and Seth E. Hills, of the village of Waupun and state of Wisconsin, are held and firmly bound unto John N. Ackerman, president of the Waupun Bank, and his successors in office, in the penal sum of five thousand dollars, to the faithful payment of which sum we bind our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents. Witness our hands and seals this 28th day of November, A. D. 1857.

"The condition of the foregoing obligation is such that, whereas the said Waupun Bank, on the last day of September, A. D. 1857, became insolvent and unable to pay its liabilities with promptness or in full, and was compelled to suspend payment; and whereas the above bounden S. E. Hills was president, and *L. B. Hills* cashier, of said bank at the time of its suspension as aforesaid, and also largely interested as stockholders therein; and whereas sundry persons have subscribed to the cash capital of said bank in the aggregate a large sum, to wit, the sum of over nine thousand dollars, to enable the bank to resume business and meet its liabilities, and with the express understanding and agreement on the part of *L. B. Hills* that all the past indebtedness of the bank, over and above its available assets, safe, office furniture and plate, should be paid by him, it being understood and agreed between the president and directors of said bank lately chosen under its new organization, that all the past indebtedness and liability of said bank, whatever the same may prove to be, when ascertained, shall be charged upon the books thereof to the said *L. B. Hills*, and that he is to be credited with the safe, office furniture, plate, cash on hand, and the sum of —— dollars, interest and expenses in the purchase of stock to deposit with the comptroller, and the said bank is to retain, hold, and collect as far as the same may

prove collectable, all notes, accounts, claims and demands, of every name and nature, now due, or hereafter to become due, to the said Waupun Bank, and when collected, or any part thereof, the same is to be placed on the books of said bank to the credit of the said *L. B. Hills.* And it is further agreed by the said *L. B. Hills,* that for the coming year two-thirds of the net profits of one hundred shares of the capital stock of said bank, retained by him upon the stock books of said bank as full compensation for his services as cashier, shall be retained and placed to his credit on the books of said bank, to liquidate the past indebtedness thereof, unless such indebtedness should otherwise be paid; and that after the first year the entire profit of any stock retained by him shall be placed to his credit until the entire past indebtedness of said bank, according to the books thereof, is fully paid.

"Now, therefore, if the said *Leander B. Hills* and Seth E. Hills, or either of them, shall well and truly pay, or cause to be paid, to the said J. N. Ackerman, president as aforesaid, or his successors in office, two-thirds in nine months from the date hereof, of the past indebtedness and liabilities of said bank, over and above the available assets and collections thereof, as aforesaid, as the same shall appear by the accounts kept by the said bank with the said *L. B. Hills* aforesaid, and the remaining one-third in eighteen months from the date hereof, as by the books shall appear, then this obligation is to be null and void, otherwise to remain in full force and effect.

L. B. HILLS [Seal.]
S. E. HILLS [Seal.]"

A mortgage of certain real estate in *Dodge* county was executed by the defendants Seth E. and *Leander B. Hills* and their wives, to such trustees, to secure the performance of the conditions of such bond. The following assignment is indorsed on the bond: "Pay to —— —— or order. J. N. ACKERMAN, late and last acting president of the Waupun bank, without recourse."

It is alleged in the complaint that the bond and mortgage were duly sold, transferred and delivered by the trustee to the plaintiff in April, 1868, with the consent of the new stockholders, and for a valuable consideration.

Breaches of the condition of the bond are assigned in the complaint as follows: " And this plaintiff further shows to this court that the defendants *Leander B. Hills* and Seth E. Hills have failed to comply with the terms of said bond and the conditions of said mortgage, by omitting to pay the same, or any part, or perform any of the agreements therein contained, and the said John N. Ackerman, as trustee, together with the said stockholders as aforesaid, have been put to great trouble and expense of suits, and have been obliged to pay large sums of money to satisfy and cancel the indebtedness of said bank, and have suffered great loss and damage by reason of the failure and omission of said defendants *L. B. Hills* and Seth E. Hills to pay the said indebtedness of the said Waupun bank, according to the conditions of said bond, and the full sum of five thousand dollars is now due thereon, and no part thereof has been paid, or in any manner satisfied, by either of said defendants."

This action was brought to foreclose such mortgage; and the usual relief granted in such actions is demanded.

The defendant *Leander B. Hills* demurred to the complaint, assigning all the grounds of demurrer permitted by the statute; the circuit court sustained the demurrer; and the plaintiff appealed.

For the appellant, a brief was filed by *J. W. Seely*, with *A. Scott Sloan*, of counsel, and there was oral argument by *I. C. Sloan*.

For the respondent, a brief was filed by *Gill, Bashford & Spilde*, and the cause was argued orally by *Mr. Gill* and *Mr. Bashford*.

LYON, J. The covenant of the obligors in the bond in suit,

in respect to the past indebtedness of the bank, is something more than a mere covenant of indemnity. Yet it is not an absolute covenant to pay the whole of such indebtedness, but only the balance thereof after deducting the assets and the collections and credits specified in the bond.

It is charged, generally, in the complaint, that the obligors have failed to perform any of their covenants contained in the bond, by reason whereof Ackerman, the trustee, and the stockholders, have been compelled to pay large sums to cancel the indebtedness of the bank, and have suffered loss thereby to the amount of the penalty of the bond. The complaint fails to state whether the trust has or has not been fully executed, or the amount of the past indebtedness of the bank chargeable to *L. B. Hills*, or the amount of credits to which he is entitled pursuant to the condition of the bond; and it fails to give any data by which the amount actually due on the bond (if anything is due thereon) can be ascertained. Neither does it satisfactorily appear from the complaint that the credits to which *L. B. Hills* is entitled under the covenant in the bond are not equal to the past indebtedness of the bank chargeable to him.

The averment that the new stockholders have been compelled to pay the past indebtedness of the bank, is not equivalent to an averment that the obligors are in default upon their bond. The means in the hands of the trustee for that purpose may have been ample to pay all such indebtedness, and the credits to *L. B. Hills* on the books of the bank may equal the indebtedness of the bank chargeable to him by the terms of the bond, and yet the trustee may not have paid such indebtedness. In such case the stockholders might be held liable therefor, and compelled to pay it, without any default of the obligors.

The averment that the obligors " have failed to comply with the terms of said bond and the conditions of said mortgage, by omitting to pay the same or any part thereof, or to perform any of the agreements therein contained," has no significance

until it is made to appear that there is a balance of the old indebtedness of the bank remaining unpaid, which the trustee has not realized out of the assets provided for that purpose.

Unless the obligors are in default on their bond, this action cannot be maintained; and hence, if they are in default, the fact should be directly alleged in the complaint. Moreover, it is not alleged that the trust account has ever been adjusted, and the balance ascertained. In the absence of such adjustment, before any judgment on the merits can be rendered in the action, there must necessarily be an accounting in respect to the trust transactions, to ascertain the sum actually due on the bond. We think the complaint should furnish some data for such accounting. Because the complaint is wanting in averments material to the right of action, it is demurrable.

Whether the trustee could lawfully assign the bond and mortgage, or whether there is a defect of parties to the action, we do not determine. Before passing upon these questions, we ought to know what has been done in execution of the trust.

*By the Court.* — Order affirmed.